Windsor,
February,
1833.
CALVIN JOHNSON vs. JOHN TILDEN.

That, if the land sued for is not appropriated or set off to any particular proprietor's right, the plaintiff may recover against one ,who has no title in town ,' on proving a title in himself to the after division of any proprietor's right.

That, whether the plaintiff's title is of a large or small undivided portion of the land, makes no difference. He has a right to oust the defendant a stranger to title, and hold for the benefit of all the tenants in common.

That such title is defeated by defendant's showing himself to have title as tenant in common, unless plaintiff can show an ouster by the defendant; in which case the plaintiff should only recover to be let in as tenant in common.

That defendant's receiving a deed of the whole lot, and taking possession, and claiming the whole in his own right, is a sufficient ouster; and the plaintiff need not prove a demand of possession.

This was an action of *ejectment* for a hundred acre lot of land, being No. 10 in the seventh range of lots in Norwich. There was a jury trial, and a verdict for the plaintiff; and the defendant filed exceptions to several decisions of the County Court upon matters of law, which appear in a long bill of exceptions, allowed by the Judges of the County Court. A principal matter of controversy was, whether this lot No. 10 was vacant land, or had been located to any particular right. The plaintiff contended, that it was vacant land, only as he had pitched upon it his after division to the right of one Samuel Johnson, an original grantee in the charter. The defendant claimed it as already located to the right of one Long, from whom he derived title to himself; and claimed to hold against the plaintiff. The testimony upon this point is of no consequence here: it went to the jury, and they decided for the plaintiff.

In the course of the trial, several questions of law were raised and decided. To understand these, some facts must be stated.

The plaintiff made a title to the after devision of said right of Samuel Johnson, or a part of it, the whole suppo-

sed to be about thirty-three acres. He had made an irregular pitch of this, and some other after divisions, to which he showed no title over, the whole lot.

Windsor,
February,
1833.

Johnson
vs.
Tilden.

The defendant showed an ancient deed from Long, an original proprietor, to one Jacob Burton of the whole of said Long's right. Burton, in the year 1793, conveyed to the defendant's father, to whom he is heir, as admitted on trial, this lot No. 10 describing it as the second division lot of said Long's right. The plaintiff, to show Long's second division lot to be elsewhere, produced plans and papers from the Clerk's office, one of which, called *a manuscript*, was objected to, but admitted. It was in the hand-writing of Paul Brigham, a proprietor, and proprietor's clerk, for many years.

*Defendant's argument* in support of his exceptions.—It is contended by defendant, that, if nothing had been shown on the part of defendant, leaving him an entire stranger to the title, the plaintiff could not have recovered.

1. The very circumstance of the proprietors laying out the first, second and third divisions of Hundred Acre Lots, shows none of these lots were regarded by them as common and undivided land.

2d. The Court erred in admitting the copy of record of the proprietors, purporting to be a pitch of lot No. 10, 7th range to the rights of Samuel Johnson, John Johnson and Jacob Finton.

The paper in question does not sever any particular part of lot No. 10, to each or either of the rights, mentioned in the pretended pitch. This lot, therefore, still lies in common, at least among the three rights.

But when it is recollected, that plaintiff made title to only one half the undivided land belonging to one right, supposed to be 33 1-3 acres, viz : that of Samuel Johnson. That others still own the other rights, for whom the plaintiff had no right, and that the pitch, if it may be called one, does not sever any particular part to the right of Samuel Johnson, which plaintiff owned, the plaintiff is where he was before he pretended to pitch. Plaintiff by the pitch makes no title to any particular part of the lot; and the

Windsor,
February,
1833.

Johnson
vs.
Tilden.

pitch has no effect whatever in the cause. The lot, if it was before common land, remains common land still.— When a piece of land is severed to any particular right the owner of the right has and holds such piece in severalty. Now which part of lot No. 10, by this pitch, belongs to the right of Samuel Johnson, to satisfy plaintiff for his half of the undivided land of that right under his deed?

The plaintiff, then, allowing No. 10, to be common land, has, not by this verdict, recovered according to his right. For, the pitch being nothing, he has only made out a right in common with the other proprietors, and so has not recovered according to his right. Adams on Eject. 186; Stat. 85.

Defendant also gave in evidence a book of records with proof that the same was made between the years 1795 and 1807.

The parties both referred to the fragments of an old book of records which are made part of the case.

The defendant insisted that said book of records was to be preferred as evidence to the said manuscript, in any case wherein they differed.

And that allowing said lot No. 10, to be common land in 1802, yet the title as shown, made the parties tenants in common, and plaintiff having shown no ouster, could not recover.

The Court overruled this ground of defence, on the suggestion that the defendants claim to the exclusive title and possession of the whole lot was an ouster, and that the title set up by defendant would not make him a tenant in common.

It is contended, that the decision of the Court in admitting the pretended survey was wholly wrong.

The Court erred in admitting the paper manuscript, and in the charge giving it a preference to the record.

This is a mere loose paper without date or signature, by whom made does not appear, except from the proof of the hand writing.

The Court charged the jury, that title shown by defendant did not, if the lot No. 10 in 7 range was common land, make defendant tenant in common with plaintiff,

WINDSOR,
February,
1833.

Johnson
vs.
Tilden.

If it were common land, all the proprietors had an interest in it in common. A deed, therefore, of the lot, from any one proprietor, would convey the interest, which he had in the lot.

The rule is believed to be universal, that when the grantor conveys a larger interest than he owns in the tract described, whatever he may be found to have will pass.

The doctrine, that the tenant by conveying a greater interest than he owns, forfeits the whole, does not apply in this country.

Again the Court charged, that, if the parties were tenants in common, yet the defendants exclusive claim to the title and possession of the whole was a sufficient ouster to enable the plaintiff to recover *according to his right* and be let in *as tenant in common.*

This is believed to be erroneous. The defendant's exclusive claim must be tested by his refusal, on demand, to admit this fellow commoner. Merely being in possession of the whole and having a deed of the whole, defending for the whole when sued, is not sufficient.

But the verdict is for the whole lot.

*Argument for plaintiff.*—The plaintiff having shown an undivided right in himself, was entitled to recover of the defendant without any proof of severance, until defendant shewed title of undivided lands in town ; and therefore the said testimony, as to the pitch was immaterial. But it was only urged, as being sanctioned by acquiescence.

Another question arises as to tenancy, in common and ouster. The plaintiff had shewn title to an undivided share, and claimed, that the lot in question was undivided land in town. The defendant claimed and had a deed of it as the 2d division lot of Lemuel Long. The plaintiff convinced the jury, that the 2d division lot of Long was in another place, and therefore the defendant was as a stranger to this land. But the defendant contends, that, as Burton assumed the whole right of Long, and deeded to defendant's ancestor this lot, as his 2d division, and as in severalty and in fee ; that though it did not pass as such, yet Long's undivided right in it passed by the deed. 1st. Now, can such be the effect, when, if so, the covenants of

WINDSOR,
February,
1832.

Johnson
vs.
Tilden.

siezen and warranty in the deed would not be broken, though made for a whole lot in severalty, if the grantor happened to have a hundereth part in common.   2d. How entirely inconsistent is this with the next view taken, that is, the defendant is in under a deed claiming exclusive ownership in severalty.   This is, most clearly an ouster of all others; for possession under such a claim and deed for 15 years would have barred all.   Now, is this man to be permitted to say, I am a mere tenant in common and have committed no ouster of my cotenants?—*Pomeroy* vs. *Mills*, 3 Vt. Rep. 410, & authorities on p. 412.

It is apparent, that all the rest of this case is merely an attempt to procure a new trial on the weight of testimony. The defendant has had no testimony excluded, and the plaintiff none admitted, to which there was exception farther than already noticed.   He has had repeated and full hearing before the jury, and they have found for the plaintiff, under a charge by the Court, to which there is no exception.   Now can he by any ingenuity of counsel, by proceedings as of error, procure a new trial, and thus add to the delays of justice, already so protracted under our system of review,

It may perhaps be suggested, that it is hard the plaintiff should recover on showing title to but part of the lot.— This is nothing to the defendant, who owns no part; and the right to recover in such case is too well settled to be now questioned.

The defendant may say, the plaintiff owning only after-division rights, had no right to question the regularity of the previous divisions.   In answer to this, the plaintiff says,

1st. The course taken by the plaintiff in this respect was not objected to on trial.

2d. That the plaintiff did not object to the regularity of the division, but merely showed that the land in question was not included in the division, and was in fact undivided land.

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—The Court consider, that the plaintiff made out a sufficient title to this land, if it were then

WINDSOR,
February,
1833.

Johnson
vs.
Tilden.

undivided land, and the defendant were a stranger to all title to the undivided lands in town. It is no matter whether his title extended to half, or any less quantity of the land, if it extended over the whole. That entitled him to recover the whole, and put out the defendant, and take and hold possession for himself and his cotenants in common, whoever and wherever they might be. This is clear in principle; and decision, to that effect, have been often made in this state. The title of each tenant in common necessarily extends over the whole land thus holden in common, and, not only *can* he sue alone, and oust any intruder, but, at common law, he must sue alone.

Hence the practice in England, that each gives his separate lease to some third person, who becomes plaintiff, or sues on the demise of these several tenants in common. In this view there is no importance to be attached to the evidence of the plaintiffs' pitch of this land to the rights, he claimed to own. It was not admitted as of any avail, otherwise, than as sanctioned by the acquiesence of those, who had a right to contest its legality.

With regard to the paper, found in the office of the proprietor's Clerks, called the manuscript paper, which was objected to by the defendant; we consider, that the case does not show sufficiently how this paper came into the office, or why it was there, or for what purpose it was made, or whether it was ever sanctioned by the proprietors, so as to become valid for any purpose, to entitle the plaintiff to read it to the jury. The case shows it not admitted as record evidence; but it was submitted to the jury to decide, from all circumstances in evidence, whether this, or the one differing from it only as to the location of this lot, but which was in the book, used as evidence, was the one, which the proprietors themselves sanctioned as of binding force. Yet the Court consider, that the case does not show sufficient evidence of its validity to admit it to be thus submitted to the jury.

The Court also consider, that the instructions to the jury with regard to the tenancy in common were incorrect, so far as related to the defendant's having no right as tenant in common under the deed from Burton. It appears by the case, that, when Burton conveyed this lot to Tilden,

Johnson
*vs.*
Tilden.

he, Burton, owned the whole right of Long. This includ-ed the after division. Now, the Court are of opinion, that, if this lot were not the second division lot of Long's right, yet, if it was undivided land, it was as much subject to Burton's after division, as that of any other right, and that Burton's deed to Tilden conveyed to him whatever interest he had in this lot ; which was a tenancy in common, to the amount of his after division. Were the plaintiff's pitch legal, to effect an application of this lot to his after divis-ion, it would only make him tenant in common with all those proprietors, who had not obtained their portion of land to supply their after division. Moreover this deed to Tilden was prior to the plaintiff's pitch; and nothing appeared in the case, that the right of Long has ever had its after division. This entitled the defendant to remain in possession, and the verdict most favorable to the plaintiff, under these circumstances, would only admit of his recovering, to be let in as tenant in common with the defendant.

A further question is here raised, whether the plaintiff if all other objections were removed, could recover at all, without proving a demand to be let in as tenant in common, before the action was commenced ? We entertain no doubt upon this point. The deed from Burton to Tilden does not convey some undivided portion to hold as tenant in common, but conveys the whole lot as owned in sever-alty ; and describes it as having been severed to the right of Long as his second division. And the defendant has taken possession and holds it thus in severalty ; and claims to hold the whole in his own right. This is a sufficient ouster, to render the defendant liable to a suit by his co-tenant, without any previous demand.

On account of the errors, thus noticed, in the decisions of the County Court, and in their instructions to the jury, judgement is reversed, and a new trial is granted.

*Marsh,* for defendant.
*Collamer,* for plaintiff.