ADDISON,
January,
1834.

SEYMOUR SELLECK *vs.* PETER STARR.

To avoid a deed when the grantor is not in possession, under the statute of 1807 to prevent fraudulent speculation, and sales of chose in action, it is essential that the person in possession claim the whole estate, adverse to the grantor, or under a title wholly adverse to him.

Where the person in possession claims an estate for life under the grantor, such possession will not avoid a deed of quit-claim executed by the grantor during the continuance of the possession.

It is the same whether the estate for life is claimed under a lease actually in evidence, or under a conveyance to be presumed.

This was an action of ejectment for a small tract of land in the village of Middlebury, upon which the defendant's office stands.

The plaintiff showed by several conveyances that the premises had been regularly conveyed from Gamaliel Painter, the owner, to Miller, and by him to the plaintiff. It appeared further that the grantor of the plaintiff, Epaphras Miller, had in the year 1808 conveyed another piece of land adjoining this to the defendant, in consideration of a piece of land conveyed at the same time—that the defendant reconveyed the same to said Miller and took from him a life-lease of the same. It further appeared that the defendant has occupied from its erection to this time an office which he built on the premises soon after the date of the deed. Testimony was introduced tending to show, and it was admitted by the defendant, that in the year A. D. 1811 said Miller with the defendant's consent moved the office off from the land covered by the life-lease on to land of Miller's adjoining, where it has ever since stood and has been occupied by the defendant without the payment of rent or any claim therefor. It further appeared that the plaintiff was a son-in-law of Miller, and that Miller conveyed the premises to him by way of advancement or with a view to the distribution of his estate ; and that the plaintiff, about the time of his agreement with Miller, expected to build a house on the premises and had provided some of the materials for that purpose.

It appeared further that the bargain was concluded between said Miller and the plaintiff just before the plaintiff left Middlebury on a journey to Montpelier, and that the deed was made out by Miller but not delivered before he started on his journey, but was delivered on his return.

It appeared that before the plaintiff agreed with Miller to take the deed, they called on the defendant and requested him

ADDISON,
January,
1834.

Selleck
vs.
Starr.

to consent to the removal of the office, and that the defendant consented that the office might be removed off and placed on another piece of ground belonging to Miller at the expense of the plaintiff; that the plaintiff then agreed with Miller to remove the office to the place agreed on, and fix and repair it according to agreement with the defendant, Starr. After the plaintiff had left Middlebury, the office by the defendant's consent was removed from the premises, but while on its way to the place to which it was to be removed, the defendant became dissatisfied, caused the office to be placed back on the premises and then repaired, and has ever since continued and occupied the office in that place. When the plaintiff returned he took his deed from Miller and some time after brought this suit.

It did not appear that any conversation or interview took place between the plaintiff and defendant after the plaintiff returned from Montpelier.

There was evidence to show that the defendant claimed a life-estate to the premises under Miller at different times, and that when he agreed to leave the place he said he had a right to remain there during his life.

It appeared that he generally claimed that the lease of the spot on which the office first stood, together with the removal of the office by his consent on to this piece in lieu of the other was sufficient to give him a life-estate in this. It appeared also on one occasion, when he found the life-lease of the other piece, his clerk observed to him that he supposed he had a lease of the place where the office now stood; to which he replied, "it cannot be found."

The court charged that the plaintiff's title is a quit-claim deed of the land in question, executed by *Epaphras Miller* to the plaintiff on the 16th of October, 1827, and acknowledged on the 7th of April, 1830, and recorded on the 12th of the same April. The defendant contends that when this deed was executed, he was in actual possession of the land in question, *claiming* a life-estate in the same, which was adverse to the said Miller's title attempted to be conveyed by said deed to the plaintiff, and that this deed is void by the statute of 28th October, 1807, entitled "An act to prevent fraudulent speculations," &c. If you find from the evidence that the defendant was in actual possession of the land in question, claiming a life-estate in the same when said deed was executed by said Miller

Addison,
January,
1834.

Sellock
vs.
Starr.

to the plaintiff, the court instruct you that said deed comes within the purview of said statute, and is void as it respects the defendant, and the plaintiff cannot recover.  To avoid this deed it is not necessary for the defendant to show that he had actually a life-estate in the land in question.  It is sufficient if he shows he was in *actual* possession, *claiming* a life-estate in the premises, though his title may be defective.  The court consider such possession and claim of title to be *adverse* to the title set up by Miller when he deeded to the plaintiff, consequently a deed executed under such circumstances is void. But if from the evidence you do not find that the defendant was in *actual* possession of the land in question, claiming it adversely to said Miller when he deeded to the plaintiff, you will find the deed to be valid, and sufficient to enable the plaintiff to recover in this action, unless the defendant has shown a better title.

The defendant contends that he came into possession of the land in question by exchange—that the piece which he exchanged for this was the land on which his office was built, and in or to which he had a life-estate.  The defendant says the exchange was made to accommodate Miller, who was to let the defendant have a life-estate in the land in question.  The defendant shows a life-lease of the piece on which the office was built, but shows no life-lease of the piece where the office now stands ; but the defendant shows that he had had possession of the land in question about eighteen years before the action was brought, claiming to have a life-estate in the same ; and contends that the law will presume a *life-lease* of the land from these circumstances.  If you find that this exchange of lands was made, and the long possession by the defendant of the land in question, claiming a *life-estate* in the same, the court instruct you that from these facts the law will presume that Miller, at or near the time of the exchange, gave the defendant a life-lease of this land, although the lease cannot now be produced. And this presumptive title is *older* and *better* than the plaintiff's, unless the plaintiff by evidence can do it away.  As the law will presume a life-lease of the land in question from Miller to the defendant, it is for you to find whether the plaintiff has rebutted or overpowered this presumption by evidence.  If the evidence has satisfied you that there was no life-lease of the land in question, then the presumption that there was must go

Addison,
January,
1834.

Selleck
vs.
Starr.

for nought ; but if the evidence has not satisfied you that there was not a life-lease, then the presumption that there was such a lease must stand, and the plaintiff cannot recover.

Exceptions being taken by the plaintiff to this charge and allowed, the cause comes up here for further adjudication.

The case was argued by Bates for plaintiff and Judge Phelps and Mr. Starr for defendant.

WILLIAMS, C. J.,—After stating the facts which were attempted to be proved, delivered the opinion of the court.

In this case it is admitted that Epaphras Miller, who deeded the premises in question to the plaintiff, was the owner of the same, and the defendant claimed only an estate therein during his life. It appears that it was in evidence that the defendant was in possession claiming such estate, and although he consented to an exchange or a removal of the office from its present site before Miller deeded to plaintiff, yet the agreement was not perfected, and before the deed was delivered the office was replaced on the same foundation where it had formerly stood. It was claimed on the part of the defendant that in consequence of his possession, the deed executed by Miller to the plaintiff was void by force of the statute entitled, "an act to prevent fraudulent speculation and sales of choses in action." The court, in pursuance of a request from the defendant, charged the jury that "if they found the defendant was in actual possession of the land in question, claiming a life estate in the same when the said deed was executed, that the deed came within the purview of the statute and was void as it respects the defendant, and the plaintiff could not recover—that it was not necessary for the defendant to show that he had actually a life estate in the land in question ; it was sufficient if he was in actual possession, claiming a life estate in the premises, though his title might be defective—that the court considered such possession and claim of title to be adverse to the title set up by Mr. Miller when he deeded to the plaintiff, and a deed executed under such circumstances was void." The court also charged the jury in relation to their right to presume a life lease to have been executed by Miller to Starr, the defendant. The objection was made to the charge on this point, and it is not now to be re-examined. As the jury may have found for the defendant under the charge objected to, and as they must have found the deed of the plain-

ADDISON,
January,
1884.

Judd & Harris
vs.
Wilson.

tiff void under the statute aforesaid if those facts appeared in evidence which are recited in the bill of exceptions, if the charge is incorrect, the verdict cannot be retained.

It is to be observed that Miller was the owner of the estate in question—that defendant claimed only a life estate subordinate to the greater estate of Miller, and that the deed from Miller to the plaintiff was a quit-claim. The question now to be considered is not whether the defendant in point of fact had such an estate as he claimed, but whether his claiming such an estate rendered the deed to the plaintiff void under the statute of 1807. That statute declares, that "all bargains, deeds, &c. of any lands, &c., made where any person shall be in actual possession, or in any other way adverse to the grantor, shall be null and void, and of no effect to convey said lands," &c. The statute in its terms does not embrace the case where the person in possession admits the existing title of the grantor, and claims to hold an estate under him and subordinate to him. The question very naturally arises whether it was intended by the statute to avoid a conveyance made by a person having an actual estate or interest either in remainder or revision, where there is a tenant in possession claiming to hold an estate for life or years under him, or by grant from him, or whether it was intended to avoid those conveyances only where the possessor claimed the whole estate, adverse to the grantor, or under a person other than the grantor; so that the whole estate was claimed adverse to him.

We think the statute extends only to those cases where the possession is wholly adverse to the grantor, and the claim of the possessor is to an estate entirely to the exclusion of any right or title existing in the grantor, and under a title adverse to him.

It has been said in the argument, that it was sufficient to avoid a deed under this statute that the person in possession claims to hold the same contrary to the will of the owner; and that it is sufficient if the grantor is disseized at the time of executing the deed. But this would be evidently extending the provisions of the statute to an inconvenient length. In all cases of tenancy, during the continuance of the particular estate, the tenant can hold against his landlord. A tenant for life or a year, during the continuance of the lease has the absolute right to the possession, and cannot be disturbed in his actual possession and enjoyment by the lessor. A tenant for

Addison,
January,
1834.

Selleck
vs.
Starr.

a year remaining in possession after his term expires is considered as so far a trespasser that an action of ejectment can be maintained against him. A mortgagor after condition broken may be sued in ejectment. But I apprehend the owner of land may make a valid deed or conveyance sufficient to pass all his interest in the same, and that such deed would not be void because his tenant for life or years was in actual possession, nor would it be avoided because he was disseized by his tenant holding over, or by a mere trespasser claiming no title.

A man may always convey the estate which he holds in remainder or reversion, and his grantee will be entitled to the possession whenever the estate of the tenant for life or years shall cease.

In the case under consideration the defendant did not claim the land in question by possession, or by any title adverse to Mr. Miller. He claimed only a limited or subordinate interest *under him*; and as against the plaintiff he claims an estate for life by an elder and better title than his. Whether he rests his claims on a lease executed, or a lease presumed, so long as he claimed a life estate under Miller, he cannot set up his possession under that claim to avoid the deed executed by Miller to the plaintiff, and thereby preclude an investigation of his own title. If the defendant has a title it is antecedent to the title of the plaintiff and must prevail; and his claiming that the jury were to presume this title, does not put him on any different footing, as it relates to the operation of this statute, than if he claimed under a lease sealed and executed with due formality. It was competent for Miller to convey to the plaintiff what estate he had in the premises, and if the defendant has forfeited his estate or was mistaken as to the extent of it, he must yield the possession to the plaintiff, who succeeds to all the title which Miller had. The result is, that we are all of the opinion that the charge to the jury was erroneous, and as the verdict may have been found altogether upon the supposed defect in the plaintiff's title, the case must again be submitted to a jury, and if the defendant has a life lease, or if his possession has been such that the plaintiff cannot evict him during his life, he will be protected in his possession. If he has not a title he must submit to the consequences which all others are subjected to under similar circumstances.

The judgment of the county court is reversed and a new trial granted.