SOLOMON DOWNER *v.* JOHN L. BOWMAN AND PHILANDER BROWN.

Where the plaintiff, in an action of ejectment, proved that he had good title to the demanded premises, as against the defendants, who were strangers in possession of the premises, and, after the testimony on the part of the plaintiff was closed, and during a recess taken by the court, the defendants procured and put upon record an assignment to themselves of an outstanding mortgage of the premises, executed by the grantor of the plaintiff to a third person, which had become absolute through non-performance of the condition thereof, and the plaintiff thereupon, before the trial was resumed, tendered to the defendants the amount due upon said mortgage, and brought the money into court, and, after the mortgage deed and assignment had been given in evidence by the defendants, offered to prove the fact of the tender, it was held that that evidence should be received by the court, and that the effect of the tender was to deprive the defendants of the right to defend under the mortgage deed.

EJECTMENT for land in Royalton. Plea, the general issue, and trial by jury.

On the trial it appeared, on the part of the plaintiff, that, on the 26th day of November, 1834, the premises demanded were owned and possessed by William Hatch, and that he afterwards conveyed the same to Joseph Blanchard, by deed dated June 9, 1838, and that said Blanchard afterwards conveyed the same to the plaintiff, by deed dated May 18, 1841; and it appeared that the defendants were in possession of the premises at the time of the service of this writ.

The trial commenced on Monday, the 29th day of May, 1843, and when the evidence on the part of the plaintiff, above detailed, was closed, the court took a recess until the next morning. At the opening of the court, the next morning, the defendants offered in evidence a mortgage deed of the premises in question, executed by the said William Hatch to John Marshall on the the 26th day of November, 1834, and also the note, for the security of which said mortgage was given, and also an assignment of the said mortgage from the said Marshall to the defendant Bowman, dated the 29th day of May, 1843, and recorded the said 30th day of May, 1843, at two o'clock A. M. The said mortgage was given to secure a note payable by instalments, and all the instalments, which had become due prior to the commencement of this action, had been paid and

53

Downer *v.* Bowman et al.

indorsed upon the note. The plaintiff then offered evidence tending to prove, that, on the morning of said 30th day of May, 1843, before the opening of the court, he tendered to the said Bowman the full amount of all that was due on said mortgage, and that said Bowman refused to receive the same; and the money tendered was, by the plaintiff, brought into court. To the admission of this testimony the defendants objected, and it was excluded by the court; to which decision the plaintiff excepted. The jury, under the instruction of the court, returned a verdict for the defendants.

The court declined to hear any argument in the case.

The opinion of the court was delivered by

WILLIAMS, Ch. J. We do not incline to hear any argument in this case, as it was virtually decided, during the present circuit, in Rutland County, in the case of *McDaniels* v. *Reed et al.*[*] The decision in that case was, that a tender of the amount due on a mortgage, after suit commenced, with all the cost which had accrued, was a bar to the plaintiff's maintaining the action of ejectment to recover thereon. The principle, on which that case was decided, operates very strongly in the present case. At the commencement of this suit the plaintiff had an unquestionable title, and a right to the possession,—the condition of the mortgage deed to Marshall not being then broken, and the defendants strangers to the title. At the time the court took a recess, the plaintiff had made out a good case against the defendants; and by the tender, which the plaintiff made on the 30th of May, in the morning, he cut down any defence, which the defendants could make under the mortgage to Marshall and the assignment from Marshall to Bowman. The expedition of the defendants, in procuring the assignment from Marshall and putting it on record, was of no avail to them, as the plaintiff was equally expeditious in taking the proper measures to lay it out of the case. The evidence of the tender should have been admitted. The judgment of the county court is therefore reversed.

*J. Barrett* and *J. S. Marcy* for plaintiff.

*Tracy & Converse* for defendants.

---

[*]That case was received by the Reporter too late for insertion in its proper order, and it is reported on a subsequent page of this volume.