## WILLIAM Y. RIPLEY v. HARVEY YALE.

One who is in possession of land by virtue of a contract with the owner for the purchase of the land, and who claims title to the land under such contract, does not hold adversely to the owner of the land, so as to avoid a deed executed by the owner to a third person. Nothing short of an unequivocal act by the one in possession, to manifest a repudiation of the contract, and notice of this to the owner of the land, can be considered as constituting the possession adverse.[*]

EJECTMENT for land in Middlebury. Plea, the general issue, and trial by jury,—BENNETT, J., presiding.

On trial the plaintiff claimed title to the demanded premises by virtue of a deed, duly executed and recorded, from Russell Bly to himself. On the part of the defendant evidence was given, tending to prove, that, previous to the execution of the deed from Bly to the plaintiff, the defendant had entered into a contract with Bly for the

[*]See *Ripley* v. *Yale et al.*, 16 Vt. 257.

Ripley *v.* Yale.

purchase of the premises, and had entered into possession of the premises under the contract, and that, at the time of the execution of the deed to the plaintiff, the defendant was in possession of the premises, claiming title in himself by virtue of the contract and by his possession; and the defendant offered no other evidence of title.

The court intimated, that they should charge the jury, that, if the defendant entered upon the premises in question under such contract for the purchase of the same, and was, at the time of the execution of the deed to the plaintiff, in possession of the premises, claiming right, or title, thereto by virtue of the contract, then the plaintiff could not recover; and the court, upon this intimation, permitted the plaintiff to enter a nonsuit, under a rule that he have leave to file his exceptions and move the supreme court to set aside the nonsuit. Exceptions allowed.

*Starr & Bushnell* and *E. N. Briggs* for plaintiff.

1. The defendant was, by force of the statute, a mere tenant at will to Bly, under his contract. Rev. St. 314, § 21.

2. A tenant cannot set up an adverse possession against his landlord; nor can he, who entered into possession under a contract to purchase, set up an adverse possession against his vendor, or the grantee of the vendor, while holding under his contract. *Bowker* v. *Walker*, 1 Vt. 18. *Tuttle* v. *Reynolds*, 1 Vt. 30. *Greeno* v. *Munson et al.*, 9 Vt. 37. Adams on Ej. 57. *Camp* v. *Camp*, 5 Conn. 291. *Norris* v. *Smith*, 7 Cow. 717. *Hodson* v. *Sharpe*, 10 East 352. *Aldis, Ex'r*, v. *Burdick*, 8 Vt. 21. *Hall* v. *Dewey et al.*, 10 Vt. 593. *Hibbard* v. *Hurlburt*, 10 Vt. 173. *Knox et al.* v. *Hook*, 12 Mass. 331. *Vanduzen* v. *Scissam*, 3 Johns. 499. *Shaw* v. *Spear*, 7 Wend. 401. 2 Phil. Ev. 201 and notes. *Selleck* v. *Starr*, 6 Vt. 194.

3. One in possession, claiming to hold by virtue of a contract to purchase, stands in the same relation to his vendor, that a mortgagee in possession holds towards his mortgagor; and by universal practice and decision the possession of the mortgagee has been established to be no obstacle to the conveyance, by the mortgagor, of his right of redemption. *Converse* v. *Searls*, 10 Vt. 578. *Converse* v. *Cook et al.*, 8 Vt. 164. *Reed, Adm'r*, v. *Shepley et al.*, 6 Vt. 602.

4. The defendant, claiming to hold by virtue of a contract with

Bly, which does not convey the land, of necessity admits the existence of Bly's title and that he holds subservient to it ; and of course his possession cannot be adverse to Bly's title. 5 Cow. 92. *Knox et al.* v. *Hook*, 12 Mass. 329. *Willison* v. *Watkins*, 3 Pet. 47. *Swartout et ux.* v. *Johnson*, 5 Cow. 74. *Marvin* v. *Hotchkiss*, 6 Cow. 401. Adams' Ej. 57. *Bowker* v. *Walker*, 1 Vt. 18.

*Linsley & Wicker* for defendant.

1. The defendant did not show his title, but contented himself with relying, as against the plaintiff, on his possession under a claim of title. Whenever a person is in possession of lands, claiming title, or as owner, he must be attacked, if at all, by the real owner. Rev. St. 315, § 26. *Bryan et al.* v. *Atwater*, 5 Day 181. *French* v. *Pearce*, 8 Conn. 439. *Mitchell* v. *Walker*, 2 Aik. 266.

2. The statute on this subject is not the introduction of any new principle, but is strictly in accordance with settled principles of the common law. Any conveyance, while a disseizor was in actual possession, was void. Adams on Eject. 47–50, and notes. *Robinson* v. *Douglass*, 2 Aik. 366.

3. A tenant, who entered into possession as such, under his landlord's title, may begin to hold adversely by *giving notice to* that effect. *Hall* v. *Dewey et al.*, 10 Vt. 593.

The opinion of the court was delivered by

Williams, Ch. J. The charge of the county court, in this case, was, in substance, that the possession of the defendant was such as to avoid the deed executed to the plaintiff by Bly. To give that effect to the possession of the defendant, it must have been adverse to Bly, the grantor. It appears from the charge of the court, that the defendant entered into possession of the premises under a contract for the purchase of the same, and claimed his right under and by virtue of the contract. It would have been well to have made the contract a part of the case ; but this has not been done. We believe, however, that the possession of the defendant, under such a contract as stated, cannot, in any view of it, be deemed adverse to Bly.

The contract implied, that the title was in Bly. If the defendant has fulfilled, he could compel Bly to perfect the contract by giving

Ripley v. Yale.

a deed; and, inasmuch as he was in possession, Ripley, the plaintiff, would be affected with notice of his equitable interest under the contract. If he had not fulfilled, it was his duty to surrender the possession. While there subsists any contract, express or implied, for the purchase of the title, between the parties in and out of possession, the possession cannot be adverse. The extent of the possessor's claim is measured by his contract; he cannot dispute the title of the person under whom he purchases, but holds subservient to him; and until he does some unequivocal act, to manifest a repudiation of the contract and bring this home to the knowledge of the other party, he cannot be considered as holding adverse to the person, under whom he took possession;—at least, nothing short of this unequivocal act and notice can be considered as constituting an adverse possession in him.

These principles have been repeatedly recognized in this court. The case of *Bowker* v. *Walker*, 1 Vt. 18, was a very strong case on this point,—in which it was held, that, if the possessor sold to a person, who had no notice of his contract, the possession of the person purchasing would be subservient to an acknowledged paramount right in the owner. The case of *Tuttle* v. *Reynolds*, 1 Vt. 80, was decided on the same principle. The case of *Selleck* v. *Starr*, 6 Vt. 194, and the case of *Hall* v. *Dewey*, 10 Vt. 593, are very decisive of the case before us. Indeed, the latter case may be considered as carrying the doctrine to the extreme verge of the law on this subject. It was determined, that a possession decidedly and unequivocally adverse to the grantor, and declared so to be to his agent, would not operate to defeat a deed, executed by the grantor, because the agent had not given notice to his principal. That decision was adverse to the decision, which had been made in the county court; yet the principle, on which it was founded, was never questioned, though I might have entertained a different view of its application in that case. The authority of that case, however, is directly in point in the case before us. The possession of the defendant, Yale, under the contract with Bly, was not adverse, so as to avoid the deed executed by Bly to the plaintiff.

The judgment of the county court is reversed.