JOHN H. ROBINSON, *Administrator of* NANCY ROBINSON, *v.* SIMEON SHERWIN, *Executor of* MARVEL JOHNSON.

*Condition Precedent. Adverse Possession. Ejectment. Tenant in Common.*

Where the defendant failed to make payment upon a contract to purchase land according to the terms of it, he can not *at law* insist upon a fulfilment of it by the other party, although the other party did not insist upon the terms of the contract as to time, but accepted the money afterwards.

The defendant not having performed a contract for the purchase of land so as to be legally entitled to a conveyance, if he did in fact set up a claim of title in himself, it could not affect the plaintiff, until distinct knowledge of such adverse claim was brought home to him.

A tenant in common may recover the whole land in ejectment, against one having no title.

EJECTMENT for land in Chester. Plea the general issue, and notice. Trial by jury, December Term, 1862. PECK, J., presiding.

The plaintiff introduced a letter of administration to himself, on Nancy Robinson's estate, dated March 2d, 1859, and showed title to the premises sued for as follows : that his intestate had a life estate in the land, in November, 1841, and was also the owner in fee of one undivided tenth part, as tenant in common with the heirs of James Robinson, deceased, which said heirs were the owners, in fee, of the other nine-tenths, by inheritance from James Robinson, who died before 1841. The plaintiff then proved the defendant's testator in possession at the commencement of the suit. The title of Nancy Robinson, the plaintiff's intestate, to one-tenth was acquired by her from one of the heirs, after the decease of James Robinson, and her said life estate was acquired by having had the same set to her, as dower, as the widow of said James Robinson, she being his widow.

The plaintiff testified in substance that he, as agent for his mother, sold the premises in question, being eighteen and one-half acres of land, to one Otis Gibson, about the 1st of November, 1841, and testified as to the conditions of the sale, &c.

The defendant then gave evidence tending to prove that the plaintiff (who was one of the heirs of James Robinson,) on the 8th day of December, 1841, professing to act as the agent of Nancy Robinson and also of said heirs of James Robinson, entered into a written contract—which is lost—with Otis Gibson for the sale of said premises to him, by the terms of which contract Gibson was to pay to Nancy Robinson for said land, three hundred and seventy dollars, as follows : one hundred dollars was to be paid the first year, and the balance in three equal annual payments, and when Gibson paid one hundred dollars he was to have a deed of the land ; that in making the contract nothing was said about interest ; that on the execution of the contract, on the 8th day of December, 1841, Gibson entered into possession of the land ; that on the 6th day of May, 1842, Gibson paid the plaintiff forty-five dollars ; on the 16th day of January, 1843, he paid the plaintiff fifty-two dollars on said contract. Gibson testified that at this time the plaintiff told him the deed had not come, and asked him if it would make any difference ;

to which he, Gibson, replied that he did not know as it would; and further testified that from this period he continued in posses-sion of the premises, claiming to be the owner thereof and treated it in all respects as his own, until he sold it to the defend-ant's testator, on the 5th of September, 1857, who thereupon entered and continued to occupy until the ·suit was brought. Gibson testified that on the 8th day of November, 1844, he paid fifty dollars on said contract to Thomas Robinson, who was an attorney, with whom the plaintiff, as Thomas Robinson told him, had left said contract for collection, and thereafter continued to make from time to time other payments on the contract to the said Thomas Robinson, which the plaintiff received until the 19th day of May, 1850, when the balance due on said contract amounted, without computing any interest on the instalments till they fell due respectively, to the sum of one hundred and seven dollars; that he, Gibson, on that day, tendered one hun-dred and seven dollars to Thomas Robinson, who refused to receive it, because, as he alleged, the amount was not sufficient, he claiming annual interest. It appears that the plaintiff pro-cured a deed of said land from said heirs, and Nancy Robinson, to be duly executed to Otis Gibson, and left the same with Thomas Robinson, which the plaintiff produced on trial. This was before the death of Thomas Robinson, but it was never delivered. It did not appear that Gibson had called for his deed prior to 1850, when he made the tender, on which occasion he demanded a deed of Thomas Robinson. Said land was set in the grand list of Chester, to Gibson, in 1842, and so continued until he sold the same to Marvel Johnson. Upon one occasion Gibson submitted to arbitration a question relating to the divis-ion line between said land and some land adjoining belonging to a third person.

There was no evidence in the case tending to show that there was any dispute or misunderstanding between the parties in rela-tion to the contract or the land or deed, until the time when the tender was made to Thomas Robinson, nor any evidence tending to show any notice to or knowledge in, Nancy Robinson, or to

those in interest with her, or to their agents, that either Gibson or Johnson was claiming the land as their own, or treating it as their own, or possessing it adversely to them, other than the making of the contract and payments under it and tender as above stated, except the original defendant's refusal to pay the balance due or to give up ·possession when demanded by the plaintiff, about a year before this suit was commenced. No question was made on trial as to the amounts, validity or dates of payment on the contract.

The defendant insisted,

1. That the defendant had acquired title by adverse possession subsequent to the time when, by the contract, as the defendant claimed it to be, Gibson was entitled to a deed.

2. That if the plaintiff could recover, he would recover only one undivided tenth part of the premises.

No other question was raised.

The court overruled both objections, and decided that the plaintiff was entitled to recover the entire premises, and that the defendant's remedy, if any, was in chancery, and directed a verdict accordingly.

To this decision the defendant excepted.

*L. Adams,* for the defendant, upon the point that the defendant had acquired title by adverse possession, cited *Downer* v. *Richardson,* 9 Vt. 377 ; *Ripley* v. *Yale,* 19 *ib.* 156 ; 2 Met. 32 ; 5 *ib.* 173 ; 6 *ib.* 337 ; *Pope* v. *Henry et al.,* 24 Vt. 560 ; *Stevens* v. *Whitcomb,* 16 Vt. 122. The contract was not under seal and the payment of the money after the time fixed by the contract and its acceptance without objection was an enlargement of the time of performance, and so made the contract still binding on the vendor. 5 Vt. 110 ; 24 *ib.* 349 ; 31 *ib.* 511 ; 27 *ib.* 590 ; 30 *ib.* 594 ; 1 *ib.* 44.

*Washburn & Marsh,* for the plaintiff.

POLAND, CH. J. · Gibson under whom the defendant claims title, entered into possession of the premises sued for, under a

written contract to purchase the same of the plaintiff's intestate. The defendant's evidence, (upon which the ruling of the county court was made, and for that purpose must be assumed to be true,) was, that Gibson was to pay one hundred dollars within the first year, and the balance in three equal annual payments, and that he was to have a deed when he paid the first hundred dollars. Gibson did not pay the whole of the hundred dollars within the first year, nor until nearly three years after he entered into possession, nor were the subsequent payments made according to the terms of the contract, so that not having fulfilled his contract according to the terms of it, he could not at law have insisted upon a fulfilment of it by the other party. But as the plaintiff did not insist upon the terms of the contract as to time, but accepted the money afterwards, a court of equity would undoubtedly if full payment was made, compel a conveyance, and even if it should turn out that the plaintiff was right in claiming there was still a balance due, the defendant would be allowed to have a conveyance by paying it, if the failure to pay was the result of a real misunderstanding of the terms of the contract, and not a designed and wilful refusal to perform it. But when Gibson did pay the first hundred dollars he made no demand for a deed, and evinced no design to claim that the title was in himself, as against the plaintiff, and when he made the subsequent payments they all conceded the existence of the original relation between him and the plaintiff, under which he obtained the possession. In 1850 Gibson made a tender of the amount he claimed was due on the contract and demanded a deed of the premises. The tender was refused, on the ground that a greater sum was due, and a deed also refused.

This very demand of a deed was a distinct concession that the legal title was in the plaintiff, and effectually precludes the defendant from insisting that Gibson had for years been holding adversely to the plaintiff's title.

Gibson entered into possession under a contract of purchase, which conceded the plaintiff's title, and his holding was subservient to it, and could never become adverse, until some event

6

happened by which that relation was changed from an amicable and fiduciary one, to one of an opposite character.

If Gibson had fully performed the contract on his part, so as to entitle himself to a deed by the terms of the contract, the plaintiff would perhaps be bound to take notice that he was claiming title in himself, without being specially notified of it.

But in this case he did not perform the contract so as to be legally entitled to a conveyance, and if he did in fact set up a claim of title in himself it could not affect the plaintiff, until distinct knowledge of such adverse claim was brought home to her, and until such notice she had a right to suppose Gibson was holding in submission to her title as he originally entered, and the defendant did not claim any such notice had been given. *Ripley* v. *Yale*, 18 Vt. 220 ; *Greeno* v. *Munson et al.*, 9 Vt. 37 ; *Hall* v. *Dewey*, 10 Vt. 593.

The county court were clearly right in their ruling that the defendant could not stand upon his claim of adverse possession.

The other point made in the court below is not now insisted upon. It is well settled that one tenant in common may recover the whole land in ejectment against one having no title. *Chandler* v. *Spear*, 22 Vt. 388 ; *Johnson* v. *Tilden*, 5 Vt. 426.

Judgment affirmed.