## DODGE v. PAGE.

### Ejectment. Continuance of Ouster.

Ejectment to recover possession and mesne profits of certain premises of which plaintiff and other heirs of J. were tenants in common. At the time suit was brought, defendant was in possession of the demanded premises, expressly denying the title of plaintiff and his co-tenants, to which he was a stranger, claiming under another title, and refusing to give possession to plaintiff. At the time of trial, defendant had acquired the title of one of plaintiff's co-tenants, but he still insisted on his former pretended title. *Held*, that the continuance of the reliance upon that title was a continuance of the ouster, and that plaintiff was entitled to recover.

EJECTMENT. Plea, the general issue, and trial by the court, March Term, 1876, Washington County, REDFIELD, J., presiding. It appeared that Thomas Dodge conveyed the premises in question, on April 10, 1815, to his two sons, Jared and Thomas, and took from them a lease thereof to secure the support of himself and his wife; that he died in August, 1827, and his wife, in November, 1862; and that the plaintiff was a son and one of the several

heirs of said Jared Dodge. The defendant introduced in evidence a quit-claim deed of the premises in question, dated May 2, 1865, from Jefferson Dodge, who never had any title to said premises, to Moses Clough, and a bond from said Clough to the defendant, covenanting to convey said premises to him upon certain conditions; also a deed dated January 18, 1876, from Mary D. Storrs, a daughter and one of the heirs of Jared Dodge, conveying to him her interest in said premises; and also a deed to himself, dated April 4, 1876, from Naomi Dodge, widow of the said Jared, and mother of the plaintiff and said Mary D. Storrs. It appeared that in April, 1875, before suit was brought, and while the defendant was in possession, the plaintiff went upon the premises, and there demanded of the defendant the possession thereof; that the defendant then claimed title under his bond from said Moses Clough, and refused to surrender possession, and that he was in possession at the time suit was brought, and at the time of trial. It did not appear that the plaintiff had ever requested to be let in to enjoy the premises as tenant in common with the defendant, nor that he had ever been refused, except as above stated; and there was no proof of the value of the rents and profits of the premises. Upon trial the defendant insisted upon his title derived from Clough, but relied also upon his title from Mary D. Storrs. The plaintiff contended that as the defendant had not disclaimed the Clough title, he could not shield himself by the deed from Mary D. Storrs, although it made him, at the time of trial, a tenant in common with the plaintiff. He also claimed damages up to the time defendant acquired the title of said Mary D. Storrs. The court found the title to the premises in the heirs of Jared Dodge, and rendered judgment, *pro forma*, for the defendant to recover his costs; to which the plaintiff excepted.

*Gleason & Field*, for plaintiff, cited *Johnson* v. *Tilden*, 5 Vt. 426 ; *Catlin* v. *Kidder*, 7 Vt. 12 ; *Carpenter* v. *Thayer*, 15 Vt. 552 ; *Roberts, admr.* v. *Morgan*, 30 Vt. 319 ; *Clark* v. *Vaughn*, 3 Conn. 191 ; *Peterson* v. *Laik*, 24 Mo. 541 ; *Owen* v. *Morton*, 24 Cal. 373 ; *Higbee* v. *Rice*, 5 Mass. 343.

*Heath & Carleton*, for defendant, cited *Stevens, admr.* v. *Griffith*, 3 Vt. 448 ; *Burton* v. *Austin*, 4 Vt. 105 ; *Tucker's Exr.* v. *Keeler*, 4 Vt. 161 ; *House* v. *Fuller*, 13 Vt. 165 ; *Admrs. of Tryon* v. *Tryon*, 16 Vt. 313 ; *Downer* v. *Bowman*, 17 Vt. 417 ; *Carroll* v. *Norwood's Heirs*, 5 Har. & J. 164 ; Adams Ejectm. 43, n. ; *Barnitz's Lessee* v. *Casey*, 7 Cranch, 464.

The opinion of the court was delivered by

WHEELER, J. There can be no question but that in the action of ejectment, the plaintiff, in order to recover the seisin and possession of the demanded premises, must have title as against the defendant both at the commencement of the action and at the time of trial. And till the statute of 1851, he could not recover the mesne profits until he could recover the possession ; but since that statute, he may recover damages for the detention, where his title has expired or been conveyed by him after suit brought, although not entitled to recover the possession. Gen. Sts. 338, s. 4. In this case, at the time of bringing suit, the plaintiff, according to the findings of the County Court, as tenant in common with others, was entitled to recover the possession and mesne profits of the whole for himself and co-tenants against the defendant, who was then a stranger to their title in possession claiming the whole by another title, and expressly denying the plaintiff's title, and refusing possession to him. *Haynes & Wife* v. *Bourn*, 42 Vt. 686. At the time of trial the defendant had acquired the title of one of the plaintiff's co-tenants, so that he and the plaintiff were then tenants in common with others of the *title*, but he had not in any manner changed his attitude in respect to the *possession*, toward the plaintiff. Under these circumstances, it may well be questioned whether he could stand on his newly acquired title to the tenancy in common so as to defeat the plaintiff's recovery of the possession he then and all the while had the right to. But it is not necessary to determine in this case whether the procuring of the title of one of the plaintiff's co-tenants would, without a refusal of possession after, defeat the plaintiff's action or not. For a tenant in common may maintain ejectment against his co-tenant if ousted of the possession by the co-tenant.

Litt. s. 322 ; Co. Litt. 199 b. ; 2 Bl. Com. 194 ; *Johnson* v. *Til-den*, 5 Vt. 426 ; *Roberts, admr.* v. *Morgan*, 30 Vt. 319. And if a defendant after suit brought and before or during trial, procures a title that will defeat the plaintiff's recovery, the plaintiff may afterwards, and before or on trial, do anything that will meet and defeat the right the defendant has so procured. *Downer* v. *Bowman*, 17 Vt. 417. Now this plaintiff had during the trial the same right of his own to the possession that he had when he brought suit; and if the acquisition of a right to possession by the defendant would, without a fresh refusal of the right of the plaintiff, defeat the action, the plaintiff had the right to show a refusal, or, in other words, to show that the ouster of himself by the defendant continued. If the defendant had once been in possession with the plaintiff, or, nothing more than that he was in possession appeared, so that he would be presumed to be in for himself and the plaintiff, an actual ouster in the one case and denial in the other would be necessary. But here the plaintiff was out of possession and the defendant in, and the defendant had expressly refused the plaintiff's demand of possession on the ground of the Clough title ; and after he procured the title of a co-tenant, he still insisted on the Clough title. This was a denial of the plaintiff's right, and a continuance of the refusal the defendant had made before on the strength of the Clough title, and showed an intention on the part of the defendant to keep the plaintiff out, and was a continuance of the ouster. *Shumway* v. *Holbrook*, 1 Pick. 114. Upon this state of the case the plaintiff was entitled to recover, in the words of the statute, " on the merits, according to his right." The case does not show what his right is, nor that there were no rents and profits, but only that no proof was adduced as to their value, therefore the cause must be remanded for a new trial.