### AVERY v. HALL.

#### *Ejectment.  Ouster.*

Plaintiff became entitled under levy of execution and set-off to an undivided part of certain land, the residue of which defendant owned and the whole of which she occupied. Afterwards, and before suit brought, plaintiff's attorney demanded possession of the premises of defendant for plaintiff, according to plaintiff's right; to which defendant replied that she wanted to pay the debt and judgment, and did not want to give up the premises. There was no other evidence that defendant had refused to allow plaintiff to enjoy the premises with her according to his right. *Held,* no denial of plaintiff's right, and no ouster.

EJECTMENT for an undivided interest in certain land in Barre. Plea, the general issue, and trial by the court, September Term, 1876, REDFIELD, J. presiding.

The court found that the plaintiff had acquired title to eleven undivided twelfth parts of the premises in question, the defendant continuing to own the residue. But there was no evidence that the defendant had refused to allow the plaintiff to enjoy the premises with her according to his right and interest, except evidence proving that at some time before the suit was brought, the plaintiff's attorney, at his office in Northfield, made demand upon the defendant in behalf of the plaintiff, for possession of the premises —meaning possession according to plaintiff's right ; to which the defendant replied that she wanted to pay the debt and judgment by means of which the plaintiff had acquired his title, and did not wish to give up the premises. Judgment, *pro forma*, for the plaintiff for his undivided interest. Exceptions by the defendant.

*G. L. Stow* and *G. M. Fisk*, for the defendant.

The defendant was originally seised in fee simple of the land in controversy. Plaintiff acquired title to eleven undivided twelfths thereof by a levy of execution and set-off thereunder. Plaintiff and defendant were therefore, at the time this suit was brought, tenants in common thereof. Lit. ss. 292, 294, 298, 302 ; 2 Bl. Com. 191, 192 ; 4 Kent Com. 367, 368.

The defendant had.never disputed nor denied plaintiff's title to his part of the premises, nor opposed his possession, nor hindered his peaceable enjoyment.   There was no evidence of an actual ouster, without which ejectment cannot be maintained by a tenant in common against his co-tenant.   *Barnitz's Lessee* v. *Casey*, 7 Cranch, 456 ; *Reading's Case*, 1 Salk. 392 ; *Reading* v. *Royston*, 2 Salk. 423 ;  s. c. 2 Ld. Raym. 829.   Sole and uninterrupted possession by defendant, and enjoyment of all the rents and profits after the plaintiff's execution levy, are not an ouster. For twenty-six years' sole and uninterrupted possession by one co-tenant, with enjoyment of all the rent that accrued during that time, without an accounting therefor to the other co-tenant, has been held not to constitute an ouster, there being no adverse possession—no keeping the plaintiff out of possession.   *Fairclaim* v. *Shackleton*, 5 Burr. 2604.   For, " the possession and seisin of one tenant in common is the possession and seisin of the other." *Barnard* v. *Pope*, 14 Mass. 434 ; *Brown* v. *Wood*, 17 Mass. 68 ; *Shumway* v. *Holbrook*, 1 Pick. 114 ; *Catlin* v. *Kidder*, 7 Vt. 12 ; *Jackson* v. *Tibbetts*, 9 Cow. 241 ; *Clapp* v. *Bromagham*, 9 Cow. 530 ; *McKlung* v. *Ross*, 5 Wheat, 116 ; *Knox* v. *Silloway*, 10 Me. 201 ; *Parker* v. *Proprietor of Locks, &c.*, 3 Met. 91 ; *Taylor* v. *Cox*, 2 B. Mun. (Ky.) 429 ; *Thomas* v. *Hatch*, 3 Sumn. 170 ; *Clymer's Lessee* v. *Dawkins*, 3 How. 674 ;  *Colburn* v. *Mason*, 25 Me. 434 ; *Lloyd* v. *Gordon*, 2 Har. & McH. (Md.) 254, 260 ; *Willison* v. *Watkins*, 3 Pet. 51 ; *Chambers* v. *Chambers*, 3 Hawks, (N. C.) 232.

Nor is a refusal by one co-tenant to pay the other his share of the profits, unaccompanied by a denial of title, to be construed as an ouster.   To constitute this, a demand by the plaintiff for his particular portion of the premises, and a refusal by the defendant to deliver them up, are necessary.   *Doe* v. *Presser*, Cowp. 217 ; *Peaceable* v. *Read*, 1 East, 568 ; *Doe d. Hellings* v. *Bird*, 11 East, *49.

In the case at bar such a demand was never made.

*Frank Plumley*, for the plaintiff.

The defendant refused to allow the plaintiff to use his share of the premises, and her holding was exclusive.   *Burton* v. *McFar-*

*land,* 26 Vt. 610 ; HUTCHINSON, C. J., in *Pomeroy* v. *Mills,* 3 Vt. 410.

The plaintiff's interest was obtained by adverse proceedings— the defendant in no way consenting to, nor aiding in, the same, but holding, and continuing to hold adversely, in severalty, and under claim of right, without acknowledgement of, or consent to, a joint interest or proprietorship.    This brings the case within the rule in *Johnson* v. *Tilden,* 5 Vt. 431.

The plaintiff under the statute came into a right to immediate seisin with the defendant.    The subsequent holding of the whole in severalty was wrongful, and in itself an eviction.    REDFIELD, J., in *Mattocks* v. *Stearns and Wife,* 9 Vt. 326 ; Gen. Sts. c. 70, s. 28 ; Saund. Pl. & Ev. 1003 ; 5 Wheat. 124 ; 4 Kent Com. 370.

As the holding began adversely, the burden is on the defendant to show that it was for defendant's and plaintiff's joint benefit.

The opinion of the court was delivered by

BARRETT, J.    From the time the plaintiff's title accrued, he was entitled as tenant in common with the defendant.    The defendant was then in possession, and continued thereafter in possession.    She was holding for herself and co-tenant.    She would not be holding adversely to him until she had manifested effectually that she was in fact holding in exclusion of him, and in denial of his right.    The true idea is well illustrated in *Dodge* v. *Page,* 49 Vt. 137.

In this case the evidence and facts fail to show or constitute a denial of his right by the defendant, or that she was claiming to be in possession in exclusion of him according to his right.    She was rightfully in possession in virtue of her title as tenant in common, and was under no obligation to give up actual possession.    She was holding " *per my, et per tout,*" and was entitled so to hold till partition should be made.    What she said, therefore, is to be construed as only expressing a hope that she might be able to pay off a debt and judgment in virtue of which the plaintiff had become tenant in common with her.    This was no denial of right, or even of co-possession.

Judgment reversed, and judgment for defendant.