## DODGE *v.* PAGE.

### *Ejectment. Administrator.*

In ejectment by one of the heirs of D., who was the owner of the demanded premises at his death, against an occupant who originally claimed under an apparent stranger to the title, but who, before suit, purchased the interest of another of the heirs of D., and after suit, the interest of D's widow, it appeared that after the premises were first demanded, and after defendant had purchased said interests, and nearly eighteen years after D's death, and after suit but before trial, defendant, at the widow's request, was appointed administrator of D's estate, and appraisers and commissioners appointed. *Held*, that as it was not proved that debts existed for which D's real estate was chargeable, defendant could not shelter himself under his appointment as administrator.

EJECTMENT, returnable to the September Term, 1875. Plea, the general issue, and trial by the court, March Term, 1877, REDFIELD, J,, presiding.

It appeared that Jared Dodge was the owner of the demanded premises at his decease, March 1, 1859, and that the plaintiff was his son and one of his several heirs, and, as such, claimed to recover in this suit. The defendant introduced in evidence a deed, duly recorded, dated January 18, 1875, from Mary D. Storrs, a daughter and one of the heirs of Jared Dodge, conveying her interest in the premises to the defendant. He also introduced a

deed, duly recorded, dated April 4, 1876, from Naomi Dodge, widow of said Jared, conveying to the defendant her interest in said premises and in the rents and profits thereof.

It did not appear that said Jared died seised or possessed of any other real estate. It appeared that on August 25, 1876, said Jared's estate having never been settled by law, and no administrator having ever been appointed thereon, the defendant, by the request of said widow, was appointed administrator and entered immediately upon the duties of his appointment, and that on the same day the Probate Court appointed appraisers on said estate, who made report to said court on September 4, 1876, which was accepted, therein appraising the demanded premises at $125 ; that on March 21, 1877, commissioners were appointed on said estate, who entered upon the duties of their appointment, but had not returned their report ; and that the estate at the time of trial was not settled. The defendant testified that he understood that creditors of the estate would present their claims to the commissioners, but there was no other proof of there being creditors.

The plaintiff proved that in April, 1875, and before suit brought, he demanded possession of the premises of the defendant, upon the premises, the defendant then being in possession, but that the defendant refused to surrender possession, claiming under a bond for a deed from one Moses Clough, and referred the plaintiff to Clough as the owner under whom he claimed.

It appeared that there were eight heirs to said estate ; that no person in possession or occupancy of said premises since the decease of said Jared had set up any claim to hold the same as his heir until the deed of Mary D. Storrs was given to the defendant ; that some time in August, 1876, but before the 26th, the plaintiff asked of the defendant to be admitted into possession of the premises as tenant with him, and that the defendant then declined to give an answer, but after he had been appointed administrator, notified the plaintiff that he should hold the possession of the premises as such administrator, and declined to allow the defendant to be admitted into possession as tenant in common with him, or to participate with him in the rents and profits.

At the time of trial the defendant did not claim to hold under

the Clough title, nor dispute the plaintiff's title as one of the heirs of said Jared, but claimed that as administrator he was entitled to possession of the premises until after settlement of the estate.

The court ruled, *pro forma*, that on account of the lapse of time since the decease of said Jared, the plaintiff was entitled to recover the seisin and possession of one eighth of two thirds of the premises, and damages computed at the rate of one eighth of two thirds of $20 per year for six years next preceding the date of the writ, with interest from the end of each year, and rendered judgment therefor ; to which the defendant excepted.

*Heath & Carleton,* for the defendant.

The only question is, whether the plaintiff can recover possession of one eighth of the premises against the administrator in possession, while the estate is in process of settlement and before the time allowed for the payment of debts has expired. Under the statute and decisions thereon he cannot recover.

The plaintiff must have a right to recover at time of trial as well as when suit is brought. *Barton* v. *Austin,* 3 Vt. 105 ; *Dodge* v. *Page,* 49 Vt. 137 ; Gen. Sts. c. 52, s. 14 ; *Cushman* v. *Jordon,* 13 Vt. 597 ; *Buck et als.* v. *Squiers,* 22 Vt. 484 ; *Boardman* v. *Bartlett,* 6 Vt. 631 ; *Cox* v. *Ingleston,* 30 Vt. 258.

The plaintiff cannot recover damages unless he recovers possession. Gen. Sts. c. 40, s. 4.

*Gleason & Field,* for the plaintiff.

The plaintiff's right to recover is settled unless defendant has done something to defeat that right since defendant has retained the possession and use of the premises. *Dodge* v. *Page,* 49 Vt. 137. The appointment as administrator is too late, and defendant cannot make use of it to defeat the plaintiff and the other heirs. *Roberts, admr.* v. *Morgan,* 30 Vt. 319, and cases there cited.

The case does not show that any creditor asked for administration, nor that any claim has been presented ; and all claims are barred by lapse of time. *Roberts* v. *Morgan,* 30 Vt. 319.

6

If the defence as administrator does not avail the defendant, there can be no other ground upon which the plaintiff's recovery can be denied. The defendant pleaded the general issue, denied the plaintiff's right on trial and put him to full proof of his title. *Clapp* v. *Beardsley*, 1 Vt. 151; *Pomeroy* v. *Mills*, 3 Vt. 410; *Johnson* v. *Tilden*, 5 Vt. 426; *Carpenter* v. *Thayer*, 15 Vt. 552; *Dodge* v. *Page*, 49 Vt. 137; *Clark* v. *Vaughn*, 3 Conn. 191.

By statute the plaintiff in ejectment recovers his damages as well as the seisin and possession, and the suit does not fail if the title expire or is conveyed after the commencement of the action. He may recover damages for the detention of the premises during the continuance of his title, with costs. Gen. Sts. c. 40, s. 4.

The defendant has ousted the plaintiff, and continues that ouster. *Higbee* v. *Rice*, 5 Mass. 343.

The opinion of the court was delivered by

BARRETT, J. There is no question of plaintiff's right as heir of Jared Dodge, and his right to recover by virtue of his title as such heir was established in this case as reported 49 Vt. 137. That right is effectual to entitle him to recover upon the case as now before us on the bill of exceptions, unless countervailed by the appointment of defendant as administrator of Jared Dodge.

The history of the case leaves it not subject to doubt, that the purpose for which such appointment was procured was, to defeat the plaintiff in this suit. It was procured virtually upon his own motion. The widow had no interest, having conveyed her interest to defendant since the former trial of the case. No person in interest is shown to have moved for an administrator; nor is it shown that any interest but the defendant's was to be served by such administration, and that interest was limited to the defeating of the plaintiff in this suit. The appointment of appraisers and commissioners, and what is reported of their action, are part of the discreditable programme—it not appearing that a debt is in existence against the estate; and if there was, the lapse of seventeen and a half years without moving for proof and payment, as provided by the statute, has, presumably, put an effectual quietus on it. At any rate, in order to render this show effectual for the

purpose designed by it, it behooved the defendant to have proved that in fact debts were existing for which the real estate of Jared was chargeable.

The principles, and just force and effect of *Roberts* v. *Morgan*, 30 Vt. 319, and the cases cited, are decisive against this ground of defence in the present case.

The judgment is affirmed—the clerk to make the computation and enter the amount of damages.